791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROGER DALE DURHAM, Petitioner-Appellant,
v.
GENE SCROGGY, WARDEN, KENTUCKY STATE PENITENTIARY; ATTORNEY
GENERAL OF KENTUCKY, Respondents-Appellees.
 85-5209
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 
 AFFIRMED
 W. D. Ky.
 ORDER
 BEFORE: WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action for federal habeas relief under 28 U.S.C. Sec. 2254, petitioner attempts to challenge the constitutionality of Kentucky state court convictions for robbery, wanton endangerment, and receiving stolen property. The district court caused the action to be dismissed for want of exhaustion of state court remedies. The district court granted petitioner's request for a certificate of probable cause and this appeal followed. On appeal both sides have briefed the issues, petitioner proceeding without benefit of counsel.
 
 
 3
 Upon consideration, we agree that the district court properly dismissed this action. Although the opinion on review does not supply the Court with detailed reasons for the dismissal, our reading of the record and the appellate briefs convinces us that the action was properly terminated. Both parties agree that petitioner has not yet been sentenced for the convictions at issue because this was halted by a Kentucky appellate court's issuance of a writ of prohibition. Petitioner agrees that this writ was procured at his request. Under Kentucky law, where a writ of prohibition is commenced as an original action in an appellate court, a direct appeal from the issuance or denial of that writ will lie as a matter of right to the Supreme Court of Kentucky. See, e.g., Stephens v. Goodenough, 560 S.W.2d 556 (Ky. 1977). Since this would seem to allow for the very appeal which appellant claims to be pursuing, this state court matter would still appear viable and thus not exhausted at this juncture. If petitioner is sentenced on some or all of the convictions at issue, presumably he would then be able to take a direct appeal from his criminal convictions in state court after sentencing occurs. We, of course, offer no opinion on the merits of the underlying constitutional arguments or on any of the other issues which may be raised again by petitioner in another habeas action. We affirm the dismissal on the basis that no exhaustion has occurred.
 
 
 4
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 5
 It is ORDERED that the final order of the district court be and it is hereby affirmed.