RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0327a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

OLD LINE LIFE INSURANCE COMPANY OF AMERICA,
             *Plaintiff-Appellee,*

                                              No. 04-1481

          *v.*

DAVID K. GARCIA,

             *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 02-40239—Paul V. Gadola, District Judge.

Argued: March 9, 2005

Decided and Filed: August 5, 2005

Before: MOORE and SUTTON, Circuit Judges; CARMAN, Judge[*].

_____

**COUNSEL**

_____

**ARGUED:** John P. Nicolucci, FOSTER, SWIFT, COLLINS & SMITH, Lansing, Michigan, for Appellant. K. Scott Hamilton, DICKINSON, WRIGHT, PLLC, Detroit, Michigan, for Appellee. **ON BRIEF:** John P. Nicolucci, Stephen O. Schultz, FOSTER, SWIFT, COLLINS & SMITH, Lansing, Michigan, for Appellant. K. Scott Hamilton, DICKINSON, WRIGHT, PLLC, Detroit, Michigan, for Appellee.

_____

**AMENDED OPINION**

_____

        CARMAN, Judge. This matter is before the Court on Plaintiff/Appellee Old Line Insurance Company of America's ("Old Line") Motion for Clarification or, Alternatively, for Rehearing and/or Rehearing En Banc. Upon consideration of the relevant briefs and the record before this Court, we hereby amend our prior opinion, *Old Line Life Ins. Co. of Am. v. Garcia*, No. 04-1481, 2005 WL 1384091 (6th Cir. June 2, 2005), and remand to the district court for further proceedings consistent with this opinion.

---

[*]The Honorable Gregory W. Carman, United States Court of International Trade, sitting by designation.

## BACKGROUND

Familiarity with the factual and procedural history of this case is presumed. On June 2, 2005, this Court issued its opinion in *Old Line Life Ins. Co. of Am. v. Garcia*, No. 04-1481, 2005 WL 1384091 (6th Cir. June 2, 2005). In that opinion, this Court reversed the decision of the district court, which granted summary judgment for Old Line, and remanded the case for entry of judgment for Defendant-Appellant David K. Garcia ("Garcia"). In so doing, this Court found that the insured (Garcia's deceased mother) had not misrepresented that she would replace her existing life insurance policies with the single policy applied for and received from Old Line. This Court also found that the insured had not failed to satisfy a condition subsequent of the insurance policy. Accordingly, the Old Line policy was not subject to rescission. The Court further found that Old Line breached its contract with Garcia by not paying on the policy upon the insured's death.

On June 16, 2005, Old Line filed a timely Motion for Clarification or, Alternatively, for Rehearing and/or Rehearing En Banc ("Motion for Clarification"). Pursuant to Federal Rule of Appellate Procedure 40(a)(3), the panel requested that Garcia file an answer to the Motion for Clarification. On June 23, 2005, Garcia filed Defendant-Appellant's Response in Opposition to Plaintiff-Appellee's Motion for Clarification or, Alternatively, for Rehearing and/or Rehearing En Banc ("Response").

Because the Motion for Clarification relates to pleadings and motions that were filed with the district court, this Court will review briefly the relevant information therefrom. On June 27, 2002, Old Line filed a Complaint for Declaratory Judgment and Rescission. (J.A. at 7.) In it, Old Line presented the following allegations:

1.  Ms. Garcia [the insured] made material misrepresentations of her employment status and position, such that she was employed [by] Garcia Labs or was acting as President of Garcia Labs at the time of her Policy Application and her income was over $100,000, when in fact she was not actively working at Garcia Labs or acting as President. (J.A. at 9.)

2.  Ms. Garcia made material misrepresentations by stating that the Policy was a replacement policy for the three existing insurance policies, when in fact those policies were never cancelled and the policies had not expired. (J.A. at 10.)

3.  Ms. Garcia made material misrepresentations concerning the existence of certain health problems at the time of her Policy Application and did not update her health status in the four months between the time of the Policy Application and the issuance of the Policy. (J.A. at 10.)

In his Answer, Garcia denied the Old Line allegations concerning misrepresentations. (J.A. at 48-49.) In addition, Garcia filed a counterclaim for breach of contract for Old Line's failure to pay his claim on the insurance policy upon the death of the insured. (J.A. at 52.) In Old Line's Answer to Counterclaim, it admitted that it had not paid Garcia the policy proceeds but denied Garcia was entitled to interest on his claim. (J.A. at 57.) With its Answer to Counterclaim, Old Line included the affirmative defenses that Garcia failed to state a claim upon which relief may be granted, that the insured's material misrepresentations entitled Old Line to rescind the policy and deny Garcia's claim, and that the insured's failure to satisfy a condition subsequent voided and rescinded the policy. (J.A. at 59.)

PARTIES' CONTENTIONS

## I.     Old Line's Position

In filing its Motion for Clarification, Old Line seeks to draw this Court's attention to possible outstanding issues of material fact and an affirmative defense that were left unresolved by Old Line's successful motion for summary judgment before the district court. (Mot. for Clarification at 3-4.)  Old Line points to three alleged misrepresentations of the insured that were not addressed by this Court's June 2, 2005, opinion or by the district court: 1) employment status, 2) income, and 3) health. (Mot. for Clarification at 2.)  Old Line also mentions that this Court did not address its affirmative defense that the Employee Retirement Income Security Act ("ERISA") precludes Garcia's breach of contract affirmative defense. (Mot. for Clarification at 4.)  In addition, Old Line notes that Garcia's brief on appeal limited the issues before this Court to those related to the alleged misrepresentation concerning the insured's replacing her existing life insurance policies. (Mot. for Clarification at 9.)  According to Old Line, these remaining and unresolved issues preclude this Court from instructing the district court to enter judgment for Garcia.

## II.     Garcia's Position

In his Response, Garcia argues that this Court properly determined in its June 2, 2005, opinion that there were no genuine issues of material fact. (Resp. at 2.)  Garcia mentions that the Court granted "the very relief" he requested. (Resp. at 2.)  Further, Garcia points to the record before this Court to support his position that each of the alleged outstanding misrepresentations (*i.e.*, genuine issues of material fact) has already been discussed, briefed, and refuted. (Resp. at 3-7.)  Consequently, according to Garcia, this Court was correct in disposing of this case as it did and in directing that the district court enter judgment in Garcia's favor.

DISCUSSION

## I.     Genuine Issues of Material Fact

To the extent that it is not limited by this opinion, our June 2, 2005, opinion stands.  The opinion disposed of one of the misrepresentations alleged by Old Line, specifically that concerning replacement of the existing life insurance policies.  This Court found that there had been no misrepresentation as to replacement of the existing life insurance policies.  The earlier opinion also disposed of Old Line's contention that the insured failed to satisfy a condition subsequent of its insurance policy.  While this Court's decision may have alluded to the remaining alleged misrepresentations, we agree with Old Line that it did not dispose of them.  We also agree with Old Line that Garcia's appeal was limited to the district court's grant of summary judgment to Old Line on the issue of the misrepresentation concerning replacement.

Accordingly, we remand this case to the District Court for its consideration of whether the insured misrepresented: 1) her "employment status and position" (J.A. at 9), 2) her income (J.A. at 9), and 3) the "existence of certain health problems at the time of her Policy Application and did not update her health status in the four months between the time of the Policy Application and the issuance of the Policy" (J.A. at 10).  We leave it to the district court in the first instance to determine which, if any, of these issues has been preserved and whether any of them have merit.

## II.     Affirmative Defense

This Court notes that Federal Rule of Civil Procedure 8(c) requires that affirmative defenses be set forth in a party's pleading to a preceding pleading.  Although Old Line characterizes its claim that Garcia's breach of contract counterclaim is barred by ERISA as an affirmative defense, the Court notes that Old Line failed to plead it as such.  The ERISA claim is *not* one of the affirmative

defenses Old Line pleaded in response to Garcia's counterclaim for breach of contract. As far as this Court can discern, Old Line's ERISA claim first appears in Old Line's Motion for Summary Judgment. (J.A. at 62.)

As a general rule, failure to plead an affirmative defense results in a waiver of that defense. *E.g.*, *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). However, failure to plead an affirmative defense does not always result in waiver. *E.g.*, *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993). We leave it to the district court to determine whether it is appropriate in light of applicable jurisprudence and the facts and circumstances of this case for Old Line's ERISA affirmative defense to be considered.

## III.     Interest

We acknowledge Garcia's request for interest on his breach of contract claim but decline to rule upon it. Because we remand this matter to the district court for further proceedings, Garcia's request for interest is premature. We leave it to the district court to determine whether interest is appropriate and to calculate what interest, if any, Garcia may be entitled to receive upon conclusion of the proceedings below.

### CONCLUSION

We vacate that portion of this Court's June 2, 2005, opinion (*Old Line Life Ins. Co. of Am. v. Garcia*, No. 04-1481, 2005 WL 1384091 (6th Cir. June 2, 2005)) directing the district court to enter judgment for Garcia. Otherwise, the June 2, 2005, opinion in this matter stands. This case is hereby **REVERSED** and **REMANDED** to the District Court for further proceedings consistent with this opinion and this Court's June 2, 2005, opinion in this matter.