**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0638n.06

**No. 18-3959**

<table>
<tr><td>

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ATSCO HOLDING CORPORATION, et al.,

    Plaintiffs-Appellees,

v.

AIR TOOL SERVICE COMPANY, et al.,

    Defendant-Appellant.

</td><td>

)
)
)
)
)
)
)
)
)
)
)

</td><td>

**FILED**
Dec 31, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

</td></tr>
</table>

**BEFORE:**    **SUTTON, KETHLEDGE, and STRANCH, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** This is a contract dispute case arising out of an Asset Purchase Agreement (the Agreement) executed between Plaintiffs-Appellants, Hy-Tech Machine, Inc and ATSCO Holdings Corporation, and Defendants-Appellees, Air Tool Service Company (the original ATSCO) and Rick J. Sabath. The district court foreclosed Plaintiffs from presenting the substantial bulk of their claims at trial on the basis that they failed to comply with contractual pre-suit notice obligations. Defendants, however, waived the right to assert non-compliance with the Claim Notice provision. We therefore **VACATE** the court's judgment, **REVERSE** the December 20, 2017 order foreclosing Plaintiffs from presenting certain claims, and **REMAND** for trial.

## I.    BACKGROUND

Plaintiffs purchased Defendants' assets—machinery related to the manufacture of pneumatic motors and tools—through an Agreement executed on August 13, 2014.  Relevant here, the Agreement included the following pre-suit Claim Notice provision:

> In the event that any Action, Claim or demand (collectively, "Claim") for which a party hereto has an obligation to provide indemnification (the "Indemnifying Party") would be liable to another party hereunder (the "Indemnified Party") is asserted against or sought to be collected from an Indemnified Party by a third party, the Indemnified Party shall notify the Indemnifying Party of such Claim, specifying the nature of the Claim and the amount or the estimated amount thereof to the extent then feasible (which estimate shall not be conclusive of the final amount of the Claim) (the "Claim Notice"). The Indemnifying Party shall thereupon, at its sole cost and expense, assume the control of the defense, settlement or compromise of the Claim against the Indemnified Party with counsel of Indemnifying Party's choosing that is reasonably satisfactory to Indemnified Party. The failure to timely give a Claim Notice shall not relieve Indemnifying Party of its or his obligations hereunder, except and only to the extent that such failure shall result in any material prejudice to Indemnifying Party in defense of the Claim.

Two months after closing, on October 16, 2014, Joseph Molino, the chief financial officer and chief operating officer of Plaintiffs' parent company, wrote to Defendant Rick Sabath, Defendant Air Tool's principal, raising concerns about certain asset deficiencies.  Sabath did not timely respond.  On October 24, Plaintiffs' counsel followed up, writing to Sabath about concerns over the purchased assets.  After Sabath received counsel's communication, Molino and Sabath engaged in discussions regarding issues identified in the original letter and other concerns.

On November 18, Sabath wrote to Molino memorializing an earlier phone conversation and rejecting Plaintiffs' requests for payment.  Under the Agreement, in the event of a dispute, the parties were to rely on an arbitrator to pick an independent accountant to resolve the parties' dispute.  Plaintiffs initiated such an arbitration proceeding.  Defendants refused to participate.

Plaintiffs then filed suit on August 10, 2015, within one year of the warranty survivability period identified in the Agreement.

In the course of the litigation, Defendants filed a Rule 12 motion, which did not raise defenses related to the Agreement's Claim Notice provision. Defendants did raise a "breach of contract" affirmative defense in their answer, but they never specifically alleged a breach of the Claim Notice requirement. Defendants did not file a motion for summary judgment.

After the close of discovery, Defendants raised for the first time at the final pre-trial conference the argument that Plaintiffs had breached the Agreement's Claim Notice provision. At the final pre-trial conference, the district court continued the trial date and ordered the parties to submit supplemental briefing on the issue, planning to "set a new trial date, if needed" after ruling on the Claim Notice issue.

After receiving the supplemental briefing, the district court entered an order on December 20, 2017, foreclosing Plaintiffs from presenting the substantial bulk of their claims at trial based on Plaintiffs' failure to comply with the Agreement's Claim Notice provision. The order did not address what standard of review applied, analyze the Claim Notice provision's "material prejudice" prong, or meaningfully consider whether Plaintiffs were prejudiced in their ability to respond to the affirmative defense, which had not been raised in Defendants' Answer or other responsive pleading.

Plaintiffs voluntarily dismissed their remaining claims to facilitate this appeal. The court entered a final judgment on September 5, 2018. Plaintiffs then timely noticed their appeal.

## II.    ANALYSIS

At issue is whether Plaintiffs were properly foreclosed from presenting the substantial bulk of their claims at trial on the basis that they failed to comply with the Agreement's Claim Notice provision.

Plaintiffs argue that the district court's procedural approach was flawed, pointing to *Louzon v. Ford Motor Co.,* 718 F.3d 556 (6th Cir. 2013), where we reversed a district court's decision to convert a defendant's motion in limine into a motion for summary judgment without providing the plaintiff the procedural protections applicable to a summary judgment analysis. These protections include notice that the court is undertaking a summary judgment analysis, an opportunity to demonstrate that genuine disputes of material fact exist, and the assurance that the court will not resolve factual disputes. *See* 718 F.3d at 561–62; *see also* Fed. R. Civ. P. 56.

According to Plaintiffs, the Agreement's notice provision provides for a bar to claims only when the defending party shows it has been materially prejudiced by the lack of notice. Yet the material-prejudice requirement was not applied. Whether Defendants suffered "material prejudice" is a question of fact. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975) (noting that whether a party is not entitled to relief because its conduct "has improperly and substantially prejudiced the other party" is a factual issue); *see also Am. Employers Ins. Co. v. Metro Reg'l Transit Auth.*, 12 F.3d 591, 597 (6th Cir. 1993) ("One of the facts and circumstances to be considered is any prejudice that may have resulted from delay" in providing claim notice). And Plaintiffs assert that Defendants' Answer did not allege the Claim Notice defense or facts to support a finding of material prejudice, nor did the Defendants submit any evidence relevant to the material-prejudice issue.

At the threshold, we must decide whether Defendants waived their right to present the Claim Notice defense by failing to raise the affirmative defense in their Answer or responsive

pleading. Generally, "failure to plead an affirmative defense results in a waiver of that defense." *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) (citation omitted). Of course, "failure to plead an affirmative defense does not always result in waiver." *Id.* (citations omitted). Rule 8(c)'s purpose "is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). A "defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (alterations in original) (citation and internal quotation marks omitted).

Defendants did not raise the Claim Notice defense in their Answer; they did not raise the defense in their Rule 12 motion; and they did not file a motion for summary judgment. Plaintiffs first received notice of the defense only after the close of discovery at the final pre-trial conference. Although Plaintiffs had the opportunity to respond to Defendants' trial brief through a supplemental brief, they were prejudiced in their ability to respond because they lacked relevant discovery. Plaintiffs were further prejudiced in their ability to respond because they were not on notice that the court was undertaking a summary judgment analysis or given the benefit of Rule 56's promise that disputes of material fact will be left to a jury. That Defendants "refused to participate in" pre-suit arbitration proceedings—the very "settlement and compromise" efforts that the Claim Notice provision was designed to encourage—contradicts the idea that Defendants were materially prejudiced by any breach of the Claim Notice provision. Therefore, based on the pleadings and the record, a dispute over whether Defendants were materially prejudiced by a lack of Claim Notice remained. By ignoring the contractual specification that a "failure to timely give

a Claim Notice" bars a claim only where such failure results in "material prejudice" to the indemnifying party, the district court functionally resolved a disputed fact in Defendants' favor.

Taken together, Defendants waived the opportunity to present the Claim Notice defense at trial by failing to raise the issue "at a pragmatically sufficient time" such that Plaintiffs would not be prejudiced in their ability to respond. *Coffey*, 992 F.2d at 1445. Barring Plaintiffs' claims as a matter of law based on the waived Claim Notice defense was therefore inappropriate.

### III. CONCLUSION

For the foregoing reasons, we **VACATE** the judgment below, **REVERSE** the portion of the December 20, 2017 order foreclosing Plaintiffs from presenting certain claims at trial, and **REMAND** for trial.