Honorable Robert F. STEPHENS ex rel. as Special Prosecutor pursuant to KRS 15.190, et al., Appellants,

v.

Honorable Daniel J. GOODENOUGH, Judge, Kenton Circuit Court, 16th Judicial District, Appellee.

Supreme Court of Kentucky.

Dec. 9, 1977.

Rehearing Denied Jan. 31, 1978.

Robert F. Stephens, Atty. Gen., Sam E. Isaacs, II, Raymond M. Larson, Asst. Attys. Gen., Frankfort, for appellants.

R. Barry Wehrman, Covington, for appellee.

STERNBERG, Justice.

The present proceeding is a double-barreled attack on the September 6, 1977, order of the Court of Appeals of Kentucky denying a writ of prohibition against the Honorable Daniel J. Goodenough, a judge of the Kenton Circuit Court. The seed that germinated into this bag of worms was the issuance on February 11, 1977, of search warrants by the appellee and a seizure of gambling paraphernalia pursuant to authority of the warrants.

The appellants are Robert F. Stephens, Attorney General of the Commonwealth of Kentucky, acting pursuant to and under the authority of KRS 15.190, and Frank Trusty, the duly elected, qualified and acting Commonwealth's Attorney in and for the 16th Judicial District of this commonwealth. The appellee is one of the duly elected, qualified and acting judges of the Kenton Circuit Court in and for the 16th Judicial District of the Commonwealth of Kentucky.

The proceedings are presently before this court on appellee's motion to dismiss the appeal from the September 6, 1977, order of the Court of Appeals, to set aside the temporary writ of prohibition issued herefrom on September 15, 1977, and to deny the appellants' petition for a permanent writ of prohibition against appellee. For purposes

of the disposition of this motion, it will not be necessary that we go into a lengthy discussion of the full, prior proceedings.

■ Counsel for appellee charges that the proper method of bringing the challenged order of the Court of Appeals to this court for review is by the route of a motion for discretionary review (RAP 1.180), not by direct appeal. If the right of appeal herein is discretionary, then, and in that event, the appellants have not proceeded as required by RAP 1.180 and it would be subject to dismissal.

Section 115 of the Kentucky Constitution provides as follows: "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, * * *. Procedural rules shall provide for expeditious and inexpensive appeals. * * *" Thus, since the writ of prohibition from the denial of which this appeal has been taken commenced as an original action in the Court of Appeals and since the appellants are entitled to one appeal (Ky. Const. Sec. 115) and since any such appeal from the Court of Appeals would be to the next highest court (CR 73.01(2)), this appeal to this court would be as a matter of right.

The issue originally presented to the Kenton Circuit Court is whether it possessed authority to require the restoration of the property seized under the search warrants. This was answered in the affirmative by the trial judge on April 22, 1977, and appellants forthwith proceeded to take an appeal from that order to the Court of Appeals. In addition thereto, the appellants filed a petition for a writ of prohibition in the Court of Appeals against this appellee. This petition was denied because the appellants had sought to challenge the April 22, 1977, order by appeal to the Court of Appeals. However, on August 3, 1977, the appellants made a motion to dismiss the appeal in the Court of Appeals, which was granted, and the appeal was dismissed. At that point in time there was no action or proceeding pending in the Court of Appeals which prohibited the trial judge from enforcing his order of restoration. The trial judge proposed to do just that, and on August 16, 1977, the appellants filed an original action in the Court of Appeals again seeking to prohibit the appellee from carrying out the order of restoration. A temporary writ of prohibition was forthwith issued by a single judge of the Court of Appeals; however, on September 6, 1977, the petition for a writ of prohibition was dismissed by a full panel of the Court of Appeals. In doing so, the Court of Appeals said:

"It appears to this Court that the doctrine of res judicata is applicable to this action. The identical issue was presented by the very same parties in CA–1074–OA, i. e., whether the Kenton Circuit Court had jurisdiction to return property seized under a search warrant prior to the return of any criminal indictments and absent the filing of any civil action. While the facts have altered slightly since that time, in that criminal indictments have now been returned and that an appeal is not now pending, the issue nevertheless remains whether the order of the Kenton Circuit Court was valid at the time it was issued."

■ This court has long followed the rule that the doctrine of res judicata, except in special cases, goes not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject litigation and which the parties, exercising reasonable diligence, might have brought forward. The parties herein are the same in both instances; the subject matter is the same in both instances. The only difference is that at the time of the filing of the second application for a writ of prohibition the owners of the seized property had been proceeded against by indictments and criminal warrants. There was no appeal pending in the Court of Appeals from any order of the Kenton Circuit Court.

The status and factual situations constitute a difference in fact without a distinction in law. The Court of Appeals properly held that the judgment in the first applica-

tion for a writ of prohibition (CA 1074–OA) operated as a denial of appellants' second petition for a writ of prohibition (CA 1614–OA).

In these present proceedings we not only have an appeal from an order of the Court of Appeals denying a petition for writ of prohibition but we also have an original proceeding in this court seeking a writ of prohibition against the appellee on facts substantially the same in both instances. As a matter of fact, two original proceedings for a writ of prohibition were filed in the Court of Appeals and one in this court. The facts on which each of the petitions are predicated are substantially the same. Inasmuch as the determination of the first application for a writ of prohibition constituted a res judicata determination of the second petition for writ of prohibition and since the alleged facts in all three cases are substantially the same, the court's determination of the first petition for writ of prohibition would likewise be a res judicata determination of the third petition for writ of prohibition, which is the one currently before this court.

The motion of appellee to dismiss the appeal is denied. The September 6, 1977, order of the Court of Appeals is affirmed. The motion of appellee to set aside the temporary writ of prohibition issued from this court on September 15, 1977, is granted, and appellant's motion for application for a writ of prohibition is denied.

All concur.