CORRECTED: MARCH 8, 2019
RENDERED: FEBRUARY 14, 2018
TO BE PUBLISHED



Supreme Court of Kentucky

2018-SC-000417-MR DATE 3/8/19 Kim Redmon, DC

ALLSTATE PROPERTY & CASUALTY        APPELLANT
INSURANCE COMPANY


ON APPEAL FROM COURT OF APPEALS
V.           CASE NO. 2018-CA-000392
JEFFERSON CIRCUIT COURT NO. 16-CI-002639


ROBERT KLEINFELD, DC; INDIVIDUALLY       APPELLEES
AND AS CORPORATE REPRESENTATIVE
FOR LOUISVILLE SPORTS INJURY
CENTER, P.S.C. D/B/A LOUISVILLE
SPORTS INJURY CHIROPRACTIC INJURY &
REHAB CENTER

AND

HONORABLE BRIAN EDWARDS, CIRCUIT JUDGE,      APPELLEE
JEFFERSON CIRCUIT COURT, DIVISION ELEVEN

AND

JEFFREY A. STREEVAL         REAL PARTY IN INTEREST


**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>REVERSING</u>**

Allstate Property & Casualty Insurance Co. appeals from the Court of

Appeals' decision to grant Dr. Robert Kleinfeld's writ petition precluding the

discovery of certain information. Finding that the Court of Appeals did not

properly apply the extraordinary writ petition standard, we reverse the Court of Appeals.

## I. BACKGROUND.

Allstate is the insurer for Jeffery A. Streeval. Following an automobile accident, Streeval filed a claim with Allstate for basic reparation benefits. Allstate filed a petition, under Kentucky Revised Statutes ("KRS") 304.39-280(3)[1], in Jefferson Circuit Court to require Streeval to submit to an examination under oath to determine the legitimacy of his claim. Streeval filed a counterclaim, alleging that Allstate violated the Kentucky Motor Vehicle Reparations Act[2] by refusing to pay his medical expenses without reasonable foundation. At issue is Allstate's discovery request for information from Dr. Robert Kleinfeld, individually and as corporate representative for Louisville Sports Injury Center, P.S.C. ("LSIC"), LSIC being a nonparty that provided medical treatment to Streeval.

The dispute leading to Dr. Kleinfeld's writ petition is Allstate's notice to take a deposition duces tecum and the issuance of a subpoena duces tecum upon Dr. Kleinfeld as the corporate representative of LSIC. Allstate requested Dr. Kleinfeld to appear and produce the following information:

(1) The entire file related to Jeffrey Streeval, cover to cover, including anything stored electronically.

---

[1] "In case of dispute as to the right of a . . . reparation obligor to discover information required to be disclosed, the . . . reparation obligor may petition the Circuit Court in the county in which the claimant resides for an order for discovery including the right to take written or oral depositions."

[2] KRS 304.39–010, et seq.

(2) Any and all correspondence, documents, materials or other items which are in your possession regarding the medical reports and bills related to treatment provided by **Louisville Sports & Injury Center** for Jeffrey Streeval.

(3) Any and all documents evidencing that Louisville Sports & Injury Center paid any other provider for the Jeffrey Streeval Magnetic Resonance Imaging Scans (hereinafter "MRI's") and how much **Louisville Sports & Injury Center** paid any other medical provider for Jeffrey Streeval's MRI.

(4) Any and all contracts, agreements and other documents evidencing an agreement between **Louisville Sports & Injury Center** and the medical provider that provided Jeffrey Streeval's MRI.

(5) Any and all Articles of Incorporation (including all amendments and addendums).

(6) Any and all reports authored by the radiologist who read and interpreted Jeffrey Streeval's MRI(s). {***This includes any and all versions, drafts, and editions, including any furnished directly from the radiologist and any companies who employed the radiologist.**}[3]

The trial court entered an order compelling LSIC, through Dr. Kleinfeld, to produce the requested discovery. LSIC, through Dr. Kleinfeld, then filed a motion for a protective order to prevent the disclosure of the requested discovery except for information relating to Streeval's medical reports and bills, which the trial court denied.

LSIC, through Dr. Kleinfeld, filed a petition for a writ of prohibition in the Court of Appeals seeking protection from the trial court's order compelling

---

[3] (emphasis in original).

3

discovery, which the Court of Appeals granted. Allstate then appealed to this Court as a matter of right.[4]

## II. ANALYSIS.

We summarized the standard for appellate review of a lower court's decision in a writ action in *Appalachian Racing, LLC v. Commonwealth*:

> We employ a three-part analysis in reviewing the appeal of a writ action. We review the Court of Appeals' factual findings for clear error. Legal conclusions we review under the de novo standard. But ultimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[5]

At the outset, we note that "[t]he issuance of a writ is an extraordinary remedy that is disfavored by our jurisprudence. We are, therefore, 'cautious and conservative both in entertaining petitions for and in granting such relief.'"[6] Writs "are truly extraordinary in nature and are reserved exclusively for those situations where litigants will be subjected to substantial injustice if they are required to proceed."[7] "The exigency must be extreme, the threatened danger practically certain, and the consequent irremediable injury equally imminent, before the writ should be so employed. It must be rare when the

---

[4] *See* Ky. Const. § 115 ("In all cases . . . there shall be allowed as a matter of right at least one appeal to another court[.]").

[5] 504 S.W.3d 1, 3 (Ky. 2016) (internal citations omitted).

[6] *Caldwell v. Chauvin*, 464 S.W.3d 139, 144–45 (Ky. 2015) (citing *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013); *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)).

[7] *Independent Order of Foresters v. Chauvin*, 175 S.W.3d 610, 615 (Ky. 2005).

4

occasion can arise."[8] "To obtain an extraordinary writ, such as a writ of prohibition, a petitioner is required to meet a high standard. That standard is well known."[9] "This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts. If this avenue of relief were open to all who considered themselves aggrieved by an interlocutory court order, we would face an impossible burden of nonappellate matters."[10] "This policy is embodied in a simple statement[:] 'Extraordinary writs are disfavored . . . .'"[11] Moreover:

> [T]he writ of prohibition[] is extraordinary in nature. Such a writ bypasses the regular appellate process and requires significant interference with the lower courts' administration of justice. The expedited nature of writ proceedings necessitates an abbreviated record. This magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants, if the process were not strictly scrutinized for appropriateness. As such, the specter of injustice always hovers over writ proceedings, which explains why courts of this Commonwealth are—and should be— loath to grant the extraordinary writs unless absolutely necessary. Because they fall outside the regular appellate process, especially when they are used as de facto interlocutory appeals (an increasing, undesired trend), writ petitions also consume valuable judicial resources, slow down the administration of justice (even when correctly entertained), and impose potentially unnecessary costs on litigants. Thus, to say that writ petitions should be reserved for extraordinary cases and are therefore discouraged is an understatement.[12]

---

[8] *Hager v. New South Brewing Co.*, 90 S.W. 608, 609 (Ky. 1906).

[9] *Bailey v. Bertram*, 471 S.W.3d 687, 692 (Ky. 2015) (citing *Hoskins v. Maricle*, 150 S.W.3d 1 (Ky. 2004)).

[10] *Bender*, 343 S.W.2d at 800.

[11] *Kentucky Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 12 (Ky. 2007) (quoting *Buckley v. Wilson*, 177 S.W.3d 778, 780 (Ky. 2005)).

[12] *Cox v. Braden*, 266 S.W.3d 792, 795–96 (Ky. 2008) (internal citations omitted).

This Court in *Commonwealth v. Peters* explained that "relief by way of a writ of prohibition is an 'extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief.'"[13] Writ cases are divided into essentially two classes based on whether the inferior court allegedly is acting: (1) without jurisdiction (which includes "beyond its jurisdiction"); or (2) erroneously within its jurisdiction.[14]

It appears that Dr. Kleinfeld may be contesting the jurisdiction of the trial court over this case without ever explicitly saying so. The extent of Dr. Kleinfeld's argument on this point is two different statements that suggest such a challenge, one statement being: "The **only recognized and authorized way to contest the reasonableness of either the service or the charges for said service would be to move the court for authority and to then cause Mr. Streeval to undergo an independent medical exam.**"[15] Such a statement suggests that Dr. Kleinfeld is challenging the jurisdiction of the trial court over Allstate's discovery seeking action initially filed against Streeval under KRS 304.39-280.

This argument is meritless. Allstate does not seek an independent medical exam of Streeval, which is the action contemplated by KRS 304.39-270(1).[16] Rather, Allstate seeks discovery from Streeval, i.e., testimony from

---

[13] 353 S.W.3d 592, 595 (Ky. 2011) (quoting *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004)).

[14] *Id.*

[15] (emphasis in original).

[16] "If the mental or physical condition of a person is material to a claim for past or future basic or added reparation benefits, the reparation obligor may petition the

6

Streeval provided under oath, which is exactly the function of KRS 304.39-280(3), the statute under which Allstate began this case. As such, any purported jurisdictional challenge by Dr. Kleinfeld is meritless.

When the petitioner is alleging that the inferior court is acting erroneously within its jurisdiction, as Dr. Kleinfeld has asserted in this case, "a writ will only be granted when two threshold requirements are satisfied: there exists no adequate remedy by appeal or otherwise; and the petitioner will suffer great and irreparable harm."[17] Under the certain-special-cases exception, the writ can be granted "in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration."[18] But the certain-special-cases exception still requires a showing of a lack of an adequate remedy by appeal when the alleged error is that the court is erroneously acting within its jurisdiction.[19] "No adequate remedy by appeal or otherwise means that the injury to be suffered . . . 'could not therefore be rectified by subsequent proceedings in the case.'"[20]

---

circuit court for an order directing the person to submit to a mental or physical examination by a physician."

[17] *Peters*, 353 S.W.3d at 595 (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 18 (Ky. 2004).

[18] *Peters*, 353 S.W.3d at 595 (quoting *Bender*, 343 S.W.2d at 801 (emphasis in original)).

[19] *Independent Order of Foresters v. Chauvin*, 175 S.W.3d 610, 617 (Ky. 2005) (citing *Bender*, 343 S.W.2d at 801).

[20] *Ridgeway Nursing & Rehabilitation Facility, LLC v. Lane*, 415 S.W.3d 635, 640 (Ky. 2013) (quoting *Bender*, 343 S.W.2d at 802).

In writ petition cases where discovery is sought, this Court has explained "that there will rarely be an adequate remedy on appeal if the alleged error is an order that allows discovery."[21] Furthermore, this Court has explained that "[o]nce . . . information is furnished it cannot be recalled. . . . The injury suffered . . . will be complete upon compliance with the order [mandating disclosure of discovery] and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy."[22] As such, we are satisfied that Dr. Kleinfeld and LSIC would be left with no adequate remedy without this writ petition seeking to preclude the disclosure of certain information through discovery; therefore, we look to the merits of Dr. Kleinfeld's claim.

Before we address the merits, however, as an important aside, our research discloses a rule in Kentucky law not cited by either party in the present appeal or in the courts below. This Court's predecessor in *Marion Nat. Bank v. Abell's Adm'x* established a rule that has not been abandoned since its creation: A trial court order denying a nonparty's motion to quash a discovery request is a final and immediately appealable judgment.[23] If we were to apply

---

[21] *Trude*, 151 S.W.3d at 810.

[22] *Id.* at 810–11 (quoting *Bender v. Eaton*, 343 S.W.2d 799, 802 (Ky. 1961); *see also Wal-Mart Stores, Inc. v. Dickinson*, 29 S.W.3d 796, 800 (Ky. 2000) (noting the lack of adequate remedy on appeal for disclosure of trade secrets)).

[23] 11 S.W. 300, 301 (Ky. 1889). "An order denying a motion to quash a subpoena duces tecum is not appealable as to a *party* in the proceedings. However, as to a *nonparty* to the proceedings, *Marion Nat. Bank v. Abell's Adm'x* ruled that *the order is final and appealable.*" Thomas L. Osborne, *Trial Handbook for Kentucky Lawyers*, Trial Handbook for Ky. Law. § 23:5, Subpoena duces tecum (Nov. 2017 update) (internal citations omitted) (emphasis added).

8

this rule to the case at hand, then we would be compelled to reverse the Court of Appeals' decision because Dr. Kleinfeld has an adequate remedy by appeal—directly appealing the trial court's order compelling discovery as a movant in the dispute between Allstate and Streeval. In fairness to the parties to this appeal, we employ Justice Cooper's articulation of the reasons for our addressing the merits in this case: "Since the Court of Appeals exercised its discretion to address the petition on its merits,[24] and [Allstate] does not even assert that [Dr. Kleinfeld] has an adequate remedy by appeal, we, too, will proceed directly to the merits of the appeal."[25]

Dr. Kleinfeld has asserted that discovery requests (3), (4), (5), and (6) "center on Dr. Kleinfeld's business relationship with other vendors including his business relationship with vendors who provide MRIs to his patients through his office and which are clearly trade secrets." Therefore, Dr. Kleinfeld argues, such requests are an improper infringement on the "trade secrets" privilege from disclosure.[26] In addition to claiming privilege from discovery for information pertaining to Dr. Kleinfeld's trade secrets, it appears that Dr. Kleinfeld also challenges the relevancy of this information to the underlying matter between Allstate and Streeval.

---

[24] *Southeastern United Medigroup v. Hughes*, 952 S.W.2d 195, 199 (Ky. 1997).

[25] *Metropolitan Property & Cas. Ins. Co. v. Overstreet*, 103 S.W.3d 31, 33 (Ky. 2003).

[26] *See Trude*, 151 S.W.3d at 816 ("[U]sually a discovery request that would require the 'disclosure of a trade secret . . . clearly justifies the entry of a protective order[.]'") (quoting *Wal-Mart Stores, Inc. v. Dickinson*, 29 S.W.3d 796, 800 (Ky. 2000)).

9

We addressed the argument that writs of prohibition should be granted to exclude the disclosure of irrelevant information in *Trude*.[27] We made clear that "showing irrelevancy is not a method of proving great and irreparable injury. Mere possession of irrelevant information by an opposing party is not 'something of a ruinous nature.'"[28] But we did acknowledge, "that discovery of irrelevant material could fall under the certain special cases exception, allowing a court to forego the great and irreparable harm requirement in the interests of justice."[29]

On that note, we identified in *Trude* the "loosely construed" question of relevancy in pre-trial discovery.[30] In the dispute between Allstate and Streeval, Allstate challenges the reasonable medical necessity of a $1,595 bill it received from LSIC purportedly for an MRI performed by LSIC on Streeval when Streeval is alleged to have initially reported no injury resulting from the car accident other than a cut on his finger. Discovery requests (3), (4), and (6) ask for information that directly relates to the ordering, conducting, and processing of the MRI exam and the payment for it. We fail to see how those requests can be characterized by Dr. Kleinfeld and the Court of Appeals as irrelevant to the matter between Allstate and Streeval. And the fact that LSIC, through its corporate representative Dr. Kleinfeld, is a nonparty to this case does not

---

[27] 151 S.W.3d at 811.

[28] *Id.* (quoting *Bender*, 343 S.W.2d at 801).

[29] *Trude*, 151 S.W.3d at 811 (citing *Carpenter v. Wells*, 358 S.W.2d 524, 527–28 (Ky. 1962)).

[30] 151 S.W.3d at 811.

change the fact that the discovery requests made in Allstate's notice of deposition duces tecum and subpoena duces tecum request are relevant to the subject matter of the dispute between Allstate and Streeval.

Discovery request (5) simply seeks LSIC's Articles of Incorporation. While the possible relevancy of that request is not so immediately apparent as the other discovery requests, the business organization of LSIC, upon which the Articles of Incorporation would shed light, could reveal information about individuals or entities who have further knowledge about the conducting of MRIs at LSIC. We again reiterate the heavily inclusive relevancy standard applied to the pre-trial discovery of information: "[O]ur rule governing the permissible scope of discovery in civil litigation[] trends toward discovery, permitting discovery 'regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . .' Relevancy 'is more loosely construed upon pre-trial examination than at the trial, and the Rules require only relevancy to the subject matter involved in the action.'"[31] Combined with the extremely high standard a party must overcome to be issued a writ, there is simply no justification to uphold the Court of Appeals' granting of Dr. Kleinfeld's writ to prohibit the discovery of the information sought above based on relevancy.

Dr. Kleinfeld also argues that discovery requests (3), (4), (5), and (6) seek to reveal information that purportedly constitutes "trade secrets." In *Trude*, we

---

[31] *Richmond Health Facilities–Madison, LP v. Clouse*, 473 S.W.3d 79, 83 (Ky. 2015) (quoting *Maddox v. Grauman*, 265 S.W.2d 939, 941 (Ky. 1954)).

11

identified that "[t]rade secrets enjoy substantial protection in Kentucky as embodied by the Uniform Trade Secrets Act."[32] While clothed with substantial protection, the simple conclusory labeling of certain information as "trade secrets" by a writ petitioner without more cannot justify the granting of a writ petition precluding discoverability of the information characterized as such. We recognized this in *Trude*.[33]

We refused to grant a writ petition in *Trude* for the same reasons that apply to the case at hand. Like Dr. Kleinfeld's petition here, the petition in *Trude* "contain[ed] only broad descriptions of documents . . . followed by the conclusory statement that these documents contain proprietary trade secrets."[34] Dr. Kleinfeld provides no more specific articulation of why the information sought by Allstate constitutes a trade secret than the following:

> [T]he documents requested would show the proprietary information wherein Dr. Kleinfeld and his business entity contract with other providers and other business entities so as services and benefits to his patients to include but not be limited to MRIs. *This information is not available to the public and constitutes proprietary business arrangements that Dr. Kleinfeld has acquired and protected over the years from public view. As a result, this information is (sic) clearly falls under the definition of a "trade secret or other confidential research, development, or commercial information."*[35]

As we explained in *Trude*, "such a blanket, vague claim of privilege is not enough."[36] Moreover, "[w]e have previously refused to grant a writ of prohibition

---

[32] *Id.* at 816 (internal citations omitted).

[33] *Id.* at 816–18.

[34] *Id.* at 817.

[35] (emphasis in original).

[36] 151 S.W.3d at 817.

12

when the petitioner has failed to provide 'access to the documents, themselves, or to sufficient descriptions of their contents,'[37] and we continue to do so now."[38]

Finally, "the burden of proving that a privilege applies rests on the party claiming its benefit."[39] Rather than simply conclusively asserting that the information Allstate seeks constitutes privileged "trade secrets," Dr. Kleinfeld could have done several things to help prove his case. For example, Dr. Kleinfeld could have attached for in-camera review some examples of the information he seeks to characterize as privileged trade secrets. Simple conclusory assertions that certain information constitutes privileged trade secrets are not enough for the granting of an extraordinary writ.

We hold that the Court of Appeals abused its discretion when it concluded that the extraordinarily high writ petition standard was met in this case because its decision was unsupported by sound legal principles. We reverse the Court of Appeals' decision.

## III.     CONCLUSION.

We reverse the Court of Appeals' grant of Dr. Kleinfeld's writ of prohibition because the high bar for meeting the requirements for the granting of such a petition was not met.

---

[37] *Lexington Public Library v. Clark*, 90 S.W.3d 53, 62–63 (Ky. 2002).

[38] 151 S.W.2d at 817.

[39] *Sisters of Charity Health Systems, Inc. v. Raikes*, 984 S.W.2d 464, 469 (Ky. 1998) (citing Robert G. Lawson, *The Kentucky Evidence Law Handbook*, § 505, p. 229 (3d ed. Michie 1993)).

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting.

Lambert, J., dissents.


COUNSEL FOR APPELLANT:

Eric Shawn Rice
Kristin M. Lomond
Daniel S. Gumm
Quintairos, Prieto, Wood & Boyer, P.A.

COUNSEL FOR APPELLEES ROBERT KLEINFELD, DC; INDIVIDUALLY AND AS CORPORATE REPRESENTATIVE FOR LOUISVILLE SPORTS INJURY CENTER, P.S.C. D/B/A LOUISVILLE SPORTS INJURY CHIROPRACTIC INJURY & REHAB CENTER:

John H. Ruby
John H. Ruby & Associates

COUNSEL FOR REAL PARTY IN INTEREST JEFFREY A. STREEVAL:

Michael Andrew Landisman

Honorable Brian Edwards, Circuit Judge
Jefferson Circuit Court, Division Eleven

# Supreme Court of Kentucky

2018-SC-000417-MR

ALLSTATE PROPERTY & CASUALTY                    APPELLANT
INSURANCE COMPANY


                    ON APPEAL FROM COURT OF APPEALS
V.                      CASE NO. 2018-CA-000392
          JEFFERSON CIRCUIT COURT NO. 16-CI-002639


ROBERT KLEINFELD, DC; INDIVIDUALLY               APPELLEES
AND AS CORPORATE REPRESENTATIVE
FOR LOUISVILLE SPORTS INJURY
CENTER, P.S.C. D/B/A LOUISVILLE
SPORTS INJURY CHIROPRACTIC INJURY &
REHAB CENTER

AND

HONORABLE BRIAN EDWARDS, CIRCUIT JUDGE,           APPELLEE
JEFFERSON CIRCUIT COURT, DIVISION ELEVEN

AND

JEFFREY A. STREEVAL              REAL PARTY IN INTEREST


## ORDER CORRECTING OPINION

The rendered date of the Opinion of the Court in the above-styled case is

hereby corrected from February 14, 2018 to February 14, 2019.

Said correction does not affect the holding of the original Opinion of the

Court.

Entered: March 8, 2019

_____
Chief Justice