# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 26 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0526-MR

BETTY CAITLIN NICOLE SMITH        APPELLANT

ON APPEAL FROM THE COURT OF APPEALS
V.            CASE NO. 2018-CA-0504-OA
CHRISTIAN CIRCUIT COURT NO. 2020-CI-00165

HONORABLE JASON FLEMING AND        APPELLEE
ZACHARY TAYLOR DANIEL

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This case is an appeal of the denial of a writ of mandamus by the Court of Appeals. Betty Caitlin Nicole Smith (Smith), the Appellant, petitions this Court to grant the writ and hold that the Commonwealth of Kentucky, specifically Christian County, has jurisdiction over custody matters related to her minor child and, furthermore, that a Florida judgment of custody is void. The Court of Appeals denied the writ, finding that Smith presented no argument as to why an appeal would be an inadequate remedy in this matter.

For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Smith has a child with Zachary T. Daniel (Daniel), the real party in interest. In 2013, Calloway District Court granted Smith a domestic violence

protection order (DVO) against Daniel, which expired on September 5, 2014. In 2014, Smith filed a petition against Daniel to establish paternity, custody, visitation, and support in Calloway Circuit Court. The circuit court established that Daniel was the father. The custody order was entered. In 2015, the Calloway Circuit Court granted Smith another DVO against Daniel. This DVO expired on November 25, 2018 and granted Smith temporary custody of minor child. Subsequently, Smith and the minor child moved to Madison County, Florida.

In 2016, Daniel, who lived in Tennessee, initiated dissolution proceedings in the Madison Circuit Court in Florida. Additionally, he sought a child custody determination from the Florida court. Smith contested the filing, asserting Kentucky retained exclusive jurisdiction over the child custody issue by virtue of the prior orders. Smith also claimed that her residency in Florida was only temporary and that she intended to return to Kentucky.

Citing the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the Florida court concluded that it had jurisdiction over Daniel's child custody claim because (1) neither parent had remained in Kentucky and (2) Smith and the minor child were residents of Florida. The Florida court proceeded to enter a dissolution judgment that dealt with child custody and visitation orders. Smith promptly appealed, claiming the Florida court did not give full faith and credit to the Kentucky DVO. The Florida Court of Appeals reversed and remanded the child custody and visitation portion of the judgment to the lower court and ordered them to make additional findings

2

concerning the Kentucky DVO and the best interest of the child. The Madison Circuit Court complied, issuing an amended judgment reasserting its determination that Florida did, in fact, have jurisdiction over the child custody matter in this case. The Florida court issued new custody and visitation orders. Smith once again appealed, but the Florida Court of Appeals affirmed the new orders on February 8, 2019.

In 2020, Smith filed a motion or petition of unknown nature regarding child custody in Calloway County, but Smith did not live there. Thus, the matter was transferred to Christian County, where Smith now resides. It is this action that underlies the petition at issue in this case. Smith's action in Christian Circuit Court is an attempt to get a Kentucky trial court to void the Florida custody order and reassert jurisdiction over the minor child's custody matters. The trial court denied Smith's request, finding that Florida did have jurisdiction to issue the child custody determination and related visitation orders. Furthermore, the Christian Circuit Judge discovered that a "simultaneous" custody proceeding had been previously filed in Maury County, Tennessee and was still an open and active case. Thus, pursuant to the UCCJEA, the trial court determined that Tennessee would be the proper forum for any custody modification.

On April 3, 2020, Smith petitioned the Court of Appeals for a writ of mandamus. On July 22, 2020, the Court of Appeals issued an order denying Smith's request for an extraordinary writ. The Court of Appeals found Smith

3

failed to make a compelling argument as to why an appeal would be inadequate in this matter.

Smith appealed as a matter of right. We now review.

## II. ANALYSIS

The issuance of a writ is an extraordinary remedy. *Allstate Prop. & Casu. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2016). As explained in *Southern Fina. Life Ins. Co. v. Combs*:

> [C]ourts are decidedly loath to grant writs as a specter of injustice always hover writ proceedings. This specter is ever present because writ cases necessitate an abbreviated record which magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants.

413 S.W.3d 921, 925 (Ky. 2013) (internal citations and quotations omitted.).

Thus, this Court has a two-class analysis in writ cases.

> Writ cases are divided into two classes, which are distinguished by whether the lower court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction), or (2) acting erroneously within its jurisdiction . . . When a writ is being sought under the second class of cases, a writ may be granted upon a showing … that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Id.* at 926. Smith's allegations fall within the second class of writ, which deals with claims that the lower court is acting erroneously. Smith claims that the trial court erred in finding that it did not have jurisdiction over the child custody matters.

"[U]ltimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ

is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was arbitrary, unfair, or unsupported by sound legal principles." *Appalachian Racing, LLC v. Commonwealth,* 505 S.W.3d 1,3 (Ky. 2016) (Internal citations and quotations omitted).

In this case, the writ does not meet the elements required for the second class of writs. Smith fails to show (1) the court acted erroneously; (2) there exists no adequate remedy by appeal or otherwise; and (3) great injustice and irreparable injury will result.

Like the Court of Appeals, we focus on the second requirement for a second class of writs—adequate remedy by appeal. When a court is acting within its subject-matter jurisdiction, the petitioner must show as "an absolute prerequisite" to the issuance of a writ by a court that no adequate remedy by appeal exists. *Indep. Ord. of Foresters v, Chauvin,* 175 S.W.3d 610, 615 (Ky. 2005). "No adequate remedy by appeal means that an injury to [the petitioners] could not thereafter be rectified in subsequent proceedings in the case." *Id.* at 614-615 (Internal citations and quotations omitted).

In this case, the trial court's order is final and appealable. Smith does not explain why appealing the order would be inadequate in this matter. Furthermore, we do not find that she would suffer great injustice or irreparable injury, especially since she has the right to appeal.

We reiterate that granting a writ is an extraordinary remedy and a writ should only be granted when the writ meets the strict requirements listed

above. In this case, we hold Smith failed to show a lack of adequate remedy on appeal or a great injustice and irreparable harm if the requested writ of mandamus was not granted. We hold that the Court of Appeals correctly found that Smith was not entitled to a writ.

## III. CONCLUSION

For the forgoing reasons, we affirm the Court of Appeals and deny the writ of mandamus.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Betty Caitlin Nicole Smith
Pro Se
130 Old Major Lane
Hopkinsville, KY 52240

COUNSEL FOR APPELLEE:

Zachary Taylor Daniel
2914 Carters Creek Station Rd.
Columbia, TN 38401