# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: MARCH 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0258-MR
2021-SC-0269-MR

GEOFFREY M. YOUNG												APPELLANT


V.						ON APPEAL FROM COURT OF APPEALS
						NO. 2021-CA-0541
						SCOTT CIRCUIT COURT NO. 20-CI-00609


HONORABLE JEREMY MATTOX, SCOTT							APPELLEE
CIRCUIT COURT, JUDGE

AND

AMY MCGRATH									REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

This case is an appeal of the Court of Appeals' decision denying a writ of mandamus directed to the Scott Circuit Court. The writ sought to require the trial judge to file Geoffrey Young's, the Appellant's, motion for sanctions, to hold a hearing on the motion, and to decide the motion without delay, even though the underlying case had already been appealed. Young contended the trial judge's order impermissibly interferes with the ministerial duties of the Scott Circuit Court Clerk. Amy McGrath (McGrath), the Real Party in Interest, filed a response to Young's appeal arguing the Court of Appeals correctly applied the law regarding a petition for a writ of mandamus.

For the following reasons, we affirm the Court of Appeals.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 28, 2020, Young filed a petition in the Scott Circuit Court challenging the ballot status of McGrath in the 2020 election for the United States Senate in Kentucky. In his petition, Young requested an evidentiary hearing, declaratory judgment, and injunctive relief. He argued McGrath was not a bona fide candidate under KRS[1] 118.176. He also claimed McGrath acted unlawfully in gaining the Democratic Party nomination in violation of KRS 118.105. Accordingly, Young requested McGrath be struck from the ballot and any votes for McGrath in the November 2020 election not count.

McGrath immediately moved to dismiss Young's action. She claimed: (1) the doctrine of *res judicata* barred Young's allegations; (2) the statute of limitations applied; (3) Young failed to state a claim upon which relief may be granted; and (4) the court lacked jurisdiction over the action. McGrath also moved for sanctions against Young under CR[2] 11.

Young then attempted to file a response to McGrath's motion to dismiss along with his own request for CR 11 sanctions against McGrath. He noticed a hearing for October 20, 21, or 22 of 2020. The circuit court refused to file Young's pleading, returning it to him with a note. The note advised him to notice the motion for November 5, 2020. Young refiled his motion, noticing it for November 5, 2020.

---

[1] Kentucky Revised Statutes.
[2] Kentucky Rules of Civil Procedure.

On December 17, 2020, the circuit court entered two orders. First, the court denied Young's motion challenging the ballot status of McGrath and dismissed Young's petition. Second, the court granted McGrath's motion for CR 11 sanctions, but denied Young's motion for CR 11 sanctions. The circuit court ordered Young pay $25,550.93.

Subsequently, Young filed motions to vacate the December orders. He requested a new trial and CR 11 sanctions against McGrath. On February 18, 2021, the circuit court denied both of Young's motions. Almost immediately, Young appealed the circuit court's February 18, 2021 order.

On April 26, 2021, Young attempted to file another motion for CR 11 sanctions against McGrath. The circuit court returned Young's motion, claiming the court no longer had jurisdiction on the matter because the underlying case was on appeal. Young, nonetheless, attempted to argue his motion for CR 11 sanctions at a motion hour on May 6, 2021. Young claims the circuit court would not hear his motion and refused to issue a written order for him to appeal.

On May 12, 2021, Young filed a petition for a writ of mandamus, requesting the Court of Appeals order the circuit judge to file Young's April 26, 2021 motion.[3] He also requested for the court to order the circuit judge to not interfere with the ministerial duties of the circuit clerk. McGrath filed a response.

---

[3] Young's petition in the lower courts was styled as a "Petition for Relief Against Abuses of Discretion." Because Young, pro se, requested the Court of Appeals make the circuit court take certain actions, the Court of Appeals considered his petition a writ of mandamus.

3

On June 25, 2021, the Court of Appeals issued an order on Young's underlying appeal. The Court of Appeals declared the matter moot since McGrath had lost her election to the United States Senate. Thus, all motions and all sanctions were denied.

The Court of Appeals also issued an order denying Young's petition for a writ of mandamus and denying McGrath's request for damages. The court concluded that when Young appealed the February 18, 2021 order the circuit court lost jurisdiction. As a result, Young's petition failed to meet the requirements necessary for granting a writ. Young appealed as a matter of right to this Court.[4]

## II. ANALYSIS

The issuance of a writ of mandamus or prohibition is an extraordinary remedy. *Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2016). As explained in *Southern Fin. Life Ins. Co. v. Combs*:

> [C]ourts are decidedly loath to grant writs as a specter of injustice always hovers over writ proceedings. This specter is ever present because writ cases necessitate an abbreviated record which magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants.

413 S.W.3d 921, 925 (Ky. 2013) (internal citations and quotations omitted). Thus, this Court has a two-class analysis in writ cases.

> Writ cases are divided into two classes, which are distinguished by whether the lower court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction), or (2) acting erroneously within its jurisdiction . . . . When a writ is being sought under the second class of cases, a writ

---

[4] McGrath did not appeal the Court of Appeals' denial of damages against Young.

4

> may be granted upon a showing . . . that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. There is, however, a narrow exception to the irreparable harm requirement. Under this exception, certain special cases will allow a writ to be issued in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration.

*Id.* at 926.

In this case, we must consider whether the requirements of the second class of writs have been met. The first-class is irrelevant as the Scott Circuit Court was the correct venue to challenge McGrath's bona fides as a candidate for office. KRS 118.176(2). Moreover, the impetus behind Young's seeking a writ of mandamus is to compel the circuit court to hear and rule upon his motion for sanctions, an action unquestionably conceding the circuit court's jurisdiction. Since Young concedes the jurisdiction of the Scott Circuit Court, he must show that (1) the lower court is acting or is about to act erroneously; (2) he has no adequate remedy by appeal; and (3) he would suffer great and irreparable injury if denied relief. Alternatively, Young, lacking great and irreparable injury, must prove a great miscarriage of justice will be perpetuated if the writ of prohibition is not granted.

"[U]ltimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was

5

arbitrary, unfair, or unsupported by sound legal principles." *Appalachian Racing, LLC v. Commonwealth,* 505 S.W.3d 1, 3 (Ky. 2016) (internal citations and quotations omitted). In this case, Young fails to meet the requirements necessary to be granted a writ of the second class, as he did not lack an adequate remedy by appeal.

"'No adequate remedy by appeal' means that any injury to the Appellants 'could not thereafter be rectified in a subsequent proceeding of the case.'" *Independent Ord. of Foresters v. Chauvin,* 175 S.W.3d 610, 614-15 (Ky. 2005) (internal quotation and citation omitted). "Lack of an adequate remedy by appeal is an absolute prerequisite to the issuance of a writ under this second category." *Id.* at 615. It is "the one requirement that is set in stone and unavoidable." *Gilbert v. McDonald-Burkman,* 320 S.W.3d 79, 85 (Ky. 2010). Young had already appealed the underlying action at the time he filed his petition for a writ of mandamus. It was by his own actions the circuit court lost jurisdiction in the case and subsequently denied his April 26 CR 11 motion. It must be noted had the circuit court heard and acted upon that motion, McGrath would have had grounds for petitioning for a writ of mandamus herself, since the circuit court would have been acting outside of its jurisdiction. Moreover, Young will experience no great injustice or irreparable harm as a result of the writ being denied since the underlying case has already been declared moot and dismissed as a result of McGrath losing the senatorial election in 2020.

## III. CONCLUSION

In this case, Young failed to show a lack of adequate remedy on appeal or a great injustice and irreparable harm would occur by denial of the writ. Accordingly, the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Geoffrey M. Young, *pro se*

APPELLEE:

Hon. Jeremy Mattox

COUNSEL FOR REAL PARTY IN INTEREST:

Patrick R. Hughes
Kathleen C. Tranter
Dressman Benzinger LaVelle PSC