Michelle L. TAYLOR, Appellant,

v.

Geoffrey MORRIS, Judge, Jefferson Circuit Court; Patrick J. Curry, Real Party in Interest; and Allstate Insurance Company, Real Party in Interest, Appellees.

No. 2000–SC–0939–MR.

Supreme Court of Kentucky.

Dec. 20, 2001.

Jacqueline K. Schroering, Harry L. Gregory, III, Dina Abby Jones, Louisville, Steven D. Downey, Bowling Green, Counsel for Appellants.

Valerie W. Herbert, Ricketts & Travis, Angela D. Luchese, Ewen & Kinney, Geoffrey Morris, Judge, Jefferson Circuit Court, Louisville, Counsel for Appellees.

## OPINION OF THE COURT

### FACTS

On July 7, 1998, Appellant, Michelle Taylor, was involved in an automobile accident with Patrick Curry. As a result of

injuries allegedly sustained in that accident, Taylor filed suit in Jefferson Circuit Court against Curry and his insurance carrier, Allstate Insurance Company. The case was assigned to Judge Geoffrey Morris, Appellee herein. Trial was set for October 31, 2000, and the parties were ordered to complete all requested medical examinations at least sixty (60) days before trial, and all expert witnesses were to be disclosed at least ninety (90) days before trial.

On July 25, 2000, Curry served Appellant with a "Notice of Independent Medical Examination," indicating the date, time, and location of an examination to be conducted by Dr. S. Pearson Auerbach, an orthopaedic surgeon. Six days later, on the last day possible under the pre-trial order, and prior to the date scheduled for the medical examination, Curry filed his witness list, naming Dr. Auerbach as a possible witness. Appellant failed to attend the examination set for the end of August 2000, as well as a subsequent examination scheduled for September 13, 2000. On September 14, 2000, Curry again noticed Appellant of an examination scheduled with Dr. Auerbach, and made a Motion to Compel Plaintiff to Attend. The Motion noted Appellant's failure to attend the two previously scheduled examinations, and stated the following:

As this Court is aware, this case arises out of an automobile accident. As a result of that accident, the Plaintiff claims that she injured her neck and back. The Plaintiff's treatment was previously managed by her family doctors, and a chiropractor, Dr. Eddingfield. Recently, the Plaintiff has apparently been referred by her attorneys to Dr. Tinsley Stewart for treatment and evaluation. It is the Plaintiff's contention now that she continues to suffer from injuries which are a result of this accident, and the undersigned counsel has

been told in correspondence received from Plaintiff's attorney that Dr. Tinsley is expected to testify that the plaintiff has a permanent impairment (see attached).

In light of the Plaintiff's deposition testimony, and the information recently received from her attorneys, the Defendant feels that it is absolutely necessary that the Plaintiff be evaluated at this time. The Kentucky Rules of Civil Procedure allow for such an examination, and there is good cause for the Court to enter the attached order compelling the Plaintiff to attend the examination.

Appellant objected to the Motion to Compel on the grounds that: (1) good cause sufficient to order an invasive physical examination did not exist, as required by CR 35.01; (2) the motion was untimely; (3) Appellant specifically objected to Curry's selection of Auerbach as the examining physician, as he had already been named in Curry's witness list, thus calling his objectivity and impartiality into question; and (4) Appellant was actively treating for her injuries and the examination scheduled with Auerbach would interfere with that treatment. Taylor additionally asserted that the order did not circumscribe the conditions of the examination, including the limitations to be placed on extent, manner and scope, and the time, place, and circumstances of the examination, as required by CR 35.01.

On September 19, 2000, Judge Morris entered an order, presumably prepared by Curry, stating that Appellant was to attend the examination previously scheduled with Dr. Auerbach for September 26, 2000. On September 22, 2000, Appellant filed an original action in the Kentucky Court of Appeals, pursuant to CR 76.36, seeking a Writ of Mandamus that would order Appellee to vacate his September 19th order.

Pending a ruling on the Writ of Mandamus, Appellant filed a Motion for Emergency Relief, which motion was granted, placing Judge Morris' order of September 19, 2000 in abeyance. Subsequently, on October 11, 2000, the Court of Appeals denied the Appellant's Petition for Writ of Mandamus, finding that the Motion to Compel filed by Curry demonstrated good cause. This appeal followed.

Appellant now argues that the Court of Appeals erred in finding that Appellee's order was supported by good cause, and in holding that the order entered by Appellee was sufficient under CR 35. The other issues raised by Appellant before the trial judge, including the potential bias of Dr. Auerbach, have not been argued before this Court and will not be addressed herein.

### CR 35.01

Civil Rule 35.01, Order for Examination, reads as follows:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician, dentist or appropriate health care expert, or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

█ Since CR 35.01 originally, and as amended, mirrors FRCP 35(a), federal court decisions interpreting the latter rule may be accepted as persuasive authority when examining CR 35.01. *Perry v. Commonwealth*, Ky., 652 S.W.2d 655 (1983). Federal Rule of Civil Procedure 35 was interpreted by the United States Supreme Court in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). According to the Court in *Schlagenhauf*, the "in controversy" and "good cause" requirements of Rule 35 are not met by "mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118, 85 S.Ct. 234. The Court went on to note the following:

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury, cf. *Sibbach v. Wilson & Co.* (citation omitted) places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

█ The above quoted language describes exactly the situation presently before this Court. Taylor does not contest that she has placed her physical condition "in controversy" as required by the rule, and as such, Curry's Motion to Compel asserted sufficient cause for Judge Morris to order a physical examination per CR 35.01. One purpose of CR 35.01 is to "preserve the equal footing of the parties to evaluate the plaintiff's [physical] state ..." *Duncan v. The Upjohn Company*, 155 F.R.D. 23 (D.Conn.1994), quoting *Tomlin v. Holecek*, 150 F.R.D. 628 (D.Minn.1993). As noted by the Court in *Duncan*, even the production of voluminous records by plaintiff does not necessarily negate the defendant's interest in an

independent examination of plaintiff. Only if no additional relevant information could be gleaned from such an examination should the motion be denied. *Supra*, at 25.

While the Court in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), found that requested examinations were ordered improperly, the facts in that case differ greatly from those presently before this Court. Schlagenhauf was a bus driver involved in an auto accident when the bus that he was driving collided with the rear-end of a tractor-trailer. The bus passengers injured in the collision brought negligence claims against Schlagenhauf, the bus company, and the owners of the tractor and trailer. The Court noted that Schlagenhauf had not asserted a mental or physical condition in support of, or in defense of, a claim, thus, the petitions for mental and physical examinations under Rule 35 could only be sustained if those requesting them could show that Schlagenhauf's mental or physical condition was in issue and that good cause existed for the requested examinations. Specifically, the petition requested that Schlagenhauf undergo an examination by a specialist in internal medicine, ophthalmology, neurology, and psychiatry. In order to give the court an option in selecting a physician in each of the specialties, the petition provided the names of two physicians each in the areas of internal medicine, ophthalmology, and psychology, and three physicians specializing in neurology. In spite of the fact that the petition clearly requested only four (4) examinations, the Court ordered Schlagenhauf to undergo examinations by all nine physicians. In support of the petition, those requesting the examinations made only the conclusory assertion that "Schlagenhauf was not mentally or physically capable of operating" the bus at the time of the accident and that "the eyes and vision of ...

Schlagenhauf was [sic] impaired and deficient." On appeal, the Supreme Court noted the following:

This record cannot support even the corrected order which required one examination in each of the four specialties of internal medicine, ophthalmology, neurology, and psychiatry. Nothing in the pleadings or affidavit would afford a basis for a belief that Schlagenhauf was suffering from a mental or neurological illness warranting wide-ranging psychiatric or neurological examination. Nor is there anything stated justifying the broad internal medicine examination.

The only specific allegation made in support of the four examinations ordered was that the "eyes and vision" of Schlagenhauf were impaired. Considering this in conjunction with the affidavit, we would be hesitant to set aside a visual examination if it had been the only one ordered.

*Id.* at 121, 85 S.Ct. 234. Again, Appellant has placed her physical condition squarely in controversy and, as such, good cause exists for an examination. In *Schlagenhauf*, the Court denied the requests for three examinations where there was no indication that Schlagenhauf had any mental or physical condition relating to those specialties. However, even with the conclusory pleadings, it was willing to support the order for an examination by an ophthalmologist.

■ Appellant next claims that the order issued by Judge Morris was insufficient under CR 35.01. CR 35.01 provides that an order under the rule "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." While Judge Morris' order itself did not lay out all of this information, he incorporated by reference the Notice of Examination which

Curry had already served on Appellant. That notice provided Appellant with the time and place of the examination, as well as the name of the physician who would be performing the examination. It is the opinion of this Court that the order by Judge Morris, coupled with the incorporation of the Notice of Examination by Curry were sufficient to meet the requirements of CR 35.01.

Accordingly, we affirm the decision of the Court of Appeals.

All concur.