# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 29, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000068-MR

FINAL

DATE 9|23|19 JMF

JEFFREY A. STREEVAL                                                  APPELLANT


                              ON APPEAL FROM COURT OF APPEALS
V.                                    CASE NO. 2018-CA-001461-OA
                         JEFFERSON CIRCUIT COURT NO. 16-CI-002639


HON. BRIAN EDWARDS JUDGE,                                  APPELLEES
JEFFERSON CIRCUIT COURT
AND
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY




## MEMORANDUM OPINION OF THE COURT

### AFFIRMING


Jeffrey A. Streeval appeals from the Court of Appeals' denial of his petition for a writ to prohibit the enforcement of an order issued by Judge Brian C. Edwards of the Jefferson County Circuit Court compelling Streeval to appear for an independent medical examination pursuant to CR[1] 35.01. We affirm the Court of Appeals.

---

[1] Kentucky Rules of Civil Procedure.

## I. BACKGROUND

Jeffrey Streeval was involved in an automobile accident on May 17, 2015. He sought basic reparation benefits from his insurer, Real Party in Interest, Allstate Property & Casualty Insurance Co. (Allstate), for an injury to his leg allegedly sustained in this accident. On June 7, 2016, Allstate filed a petition for discovery pursuant to KRS[2] 304.39-280(3)[3] in Jefferson County Circuit Court. Allstate requested that Streeval appear voluntarily and testify under oath. Streeval refused, and Allstate moved the trial court to order Streeval to appear for an examination under oath. On June 24, 2016, the trial court granted this motion. On August 25, 2016, Streeval filed a motion to vacate the order for an examination under oath, which the trial court denied.

On September 20, 2016, Streeval appeared for a deposition and testified under oath that he had experienced a similar pain in his leg many years earlier after an accident at work. The next day Streeval filed a counterclaim alleging that Allstate unreasonably withheld his benefits. Allstate then attempted to

---

[2] Kentucky Revised Statutes.

[3] KRS 304.39-290(3) provides as follows:

> In case of dispute as to the right of a claimant or reparation obligor to discover information required to be disclosed, the claimant or reparation obligor may petition the Circuit Court in the county in which the claimant resides for an order for discovery including the right to take written or oral depositions. Upon notice to all persons having an interest, the order may be made for good cause shown. It shall specify the time, place, manner, conditions, and scope of the discovery. To protect against annoyance, embarrassment, or oppression, the court may enter an order refusing discovery or specifying conditions of discovery and directing payment of costs and expenses of the proceeding, including reasonable attorney's fees.

arrange a voluntary independent medical examination of Streeval. When Streeval did not cooperate, Allstate filed a motion to compel Streeval to undergo the examination under CR 35.01.[4] Streeval did not file a response objecting to the motion, nor did he appear at the hearing on the motion. On December 17, 2017, the trial court entered an order directing Streeval to appear for the independent medical exam on or before January 12, 2018. Streeval filed a motion to vacate that order which the trial court denied in an order entered February 5, 2018. Streeval filed a petition for a writ of prohibition in the Court of Appeals on October 5, 2018. The Court of Appeals denied his petition, and he appealed to this Court as a matter of right.[5]

## II. ANALYSIS

### A. Streeval's appeal was filed timely.

Allstate argues that Streeval's appeal from the Court of Appeals' denial of his petition for a writ was untimely filed. At the outset, we must address this argument. CR 76.36(7)(b) requires that when a party is appealing from the

---

[4] CR 35.01 provides as follows:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician, dentist or appropriate health care expert, or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

[5] See Ky. Const. § 115 ("In all cases ... there shall be allowed as a matter of right at least one appeal to another court[.]").

3

Court of Appeals to the Supreme Court the notice of appeal and filing fee must be filed with the Clerk of the Court of Appeals within 30 days of the entry of the order from which the party is appealing. In this case, the Court of Appeals' order denying Streeval's petition for a writ of prohibition was entered on December 20, 2018. The 30-day time period ended on January 19, 2019, which was a Saturday. CR 6.01 allows for an extension of the period until the end of the next business day after the weekend or holiday. Monday, January 21, 2019 was a holiday, and therefore Streeval's Notice of Appeal had to be filed by the end of the day on January 22, 2019. This is the day on which he filed it. Therefore, his appeal was timely filed.

Pursuant to CR 76.36(7)(c), to perfect his appeal, Streeval was required to file his brief with the Clerk of the Supreme Court within 30 days after the filing of the notice of appeal. This 30-day time period ended on February 21, 2019. According to CR 76.40(2), a document is deemed to be timely filed if it is received by a recognized mail carrier within the time allotted. In this case, the briefs were received by FedEx on February 21, 2019. Therefore, Streeval's appeal was perfected within the appropriate time frame. We reject Allstate's argument that Streeval failed to timely file his appeal.

**B. Streeval's writ petition is not barred by the doctrine of laches.**

In denying Streeval's petition for a writ of prohibition, the Court of Appeals relies primarily on the doctrine of laches. The doctrine of laches "serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to

4

reverse a previous course of action." *Plaza Condominium Ass'n, Inc. v. Wellington Corp.*, 920 S.W.2d 51, 54 (Ky.1996). A party alleging that a claim is barred based on delay must also show prejudice. *Id.* In this case, Allstate never argued the doctrine of laches. The Court of Appeals *sua sponte* relied on this doctrine to deny Streeval's writ petition. Because Allstate never pled the doctrine of laches, it also never showed prejudice. Therefore, it was improper for the Court of Appeals to deny Streeval's writ on this basis.

## C. The Court of Appeals correctly denied Streeval's petition for a writ of prohibition.

Although the Court of Appeals erred in relying on the doctrine of laches, it was correct in denying Streeval's petition for a writ of prohibition in these circumstances. Much of the legal analysis we undergo today echoes the analysis we underwent in a prior writ case involving these same parties. *Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 335 (Ky. 2019).

We begin our writ analysis by reiterating that "[t]he issuance of a writ is an extraordinary remedy that is disfavored by our jurisprudence. We are therefore 'cautious and conservative both in entertaining petitions for and in granting such relief.'" *Caldwell v. Chauvin*, 464 S.W.3d 139, 144-45 (Ky. 2015) (citing *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013); *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)). Writs "are truly extraordinary in nature and are reserved exclusively for those situations where litigants will be subjected to substantial injustice if they are required to proceed." *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 615 (Ky. 2005).

5

Extraordinary writs may be granted in two classes of cases. The first class requires a showing that "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court." *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004). The second class requires a showing that "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise." *Id.* This second class also usually requires a showing that "great injustice and irreparable injury will result if the petition is not granted." *Id.* There are, however, special cases within the second class of writs that do not require a showing of great injustice and irreparable injury. In those special cases, a writ is appropriate when "a substantial miscarriage of justice" will occur if the lower court proceeds erroneously, and correction of the error is necessary "in the interest of orderly judicial administration." *Chauvin,* 175 S.W.3d at 616 (quoting *Bender,* 343 S.W.2d at 801). Even in these special cases, the party seeking a writ must show that there is no adequate remedy on appeal. *Id.* at 617. "No adequate remedy by appeal" means that the party's injury "could not thereafter be rectified in subsequent proceedings in the case." *Id.* at 615.

We summarized the standard for appellate review of a lower court's decision in a writ action in *Appalachian Racing, LLC v. Commonwealth*:

> We employ a three-part analysis in reviewing the appeal of a writ action. We review the Court of Appeals' factual findings for clear error. Legal conclusions we review under the de novo standard. But ultimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion.

> So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

504 S.W.3d 1, 3 (Ky. 2016) (internal citations omitted).

Both parties acknowledge it was within the trial court's jurisdiction to order Streeval to undergo an independent medical evaluation. Therefore, we analyze this case under the second class of writs. The first requirement for a writ under the second class is that the party requesting the writ have no adequate remedy by appeal. In writ petition cases where discovery is sought, this Court has explained "that there will rarely be an adequate remedy on appeal if the alleged error is an order that allows discovery." *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). Furthermore, this Court has explained that "[o]nce...information is furnished it cannot be recalled.... The injury suffered...will be complete upon compliance with the order [mandating disclosure of discovery] and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy." *Id.* at 810-11 (quoting *Bender*, 343 S.W.2d at 802). In this case, Allstate is seeking discovery through an independent medical evaluation of Streeval. If this evaluation is allowed and the results of the examination are disclosed to Allstate, that information "cannot be recalled." Therefore, we find that Streeval has no adequate remedy by appeal.

The next requirement of a writ in the second class is that great and irreparable harm will result if the petition is not granted. Kentucky courts have

7

repeatedly defined "great and irreparable harm" as "something of a ruinous nature." *Bender*, 343 S.W.2d at 801. Streeval's argument about how he will suffer great and irreparable harm if his petition for a writ of prohibition is not granted is neither detailed nor thorough. He merely states that he will be subjected "to an examination of his body that is repugnant to his privacy and bodily integrity." Throughout his brief, however, he argues that the independent medical examination is unnecessary, and any evidence derived from it would be irrelevant. Because discovery of irrelevant material could fall under the certain special cases exception if its production would be "a substantial miscarriage of justice ... and correction of the error is necessary and appropriate in the interest of orderly judicial administration," we will move on to the merits. *Carpenter v. Wells*, 358 S.W.2d 524, 527–28 (Ky. App. 1962).

A claimant is entitled to basic reparation benefits from his insurer for "net loss suffered through injury arising out of the operation, maintenance, or use of a motor vehicle." KRS 304.39-020(2). Allstate raised concerns about whether Streeval's injury arose out of the motor vehicle accident in which he was involved and for which he claimed basic reparation benefits. To address these concerns, Allstate moved for an independent medical examination of Streeval under CR 35.01. Under that rule, the examination can only be ordered "for good cause shown." Streeval argues that Allstate did not make the requisite showing of good cause to justify the trial court's order for the independent medical examination.

A showing of good cause under CR 35.01 requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Metro. Prop. & Cas. Ins. Co. v. Overstreet*, 103 S.W.3d 31, 39 (Ky. 2003) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). "Good cause is shown when information of the same degree of reliability is not available from another source and it is useful in the preparation, trial, or disposition of the cause." *Perry v. Com., ex rel. Kessinger*, 652 S.W.2d 655, 660 (Ky. 1983) "Only if no additional relevant information could be gleaned from such an examination should the motion be denied." *Taylor v. Morris*, 62 S.W.3d 377, 380 (Ky. 2001) (citing *Duncan v. The Upjohn Company*, 155 F.R.D. 23, 25 (D.Conn.1994)).

Allstate alleges that whether Streeval's injuries were caused by the automobile accident is in controversy. Immediately after the accident, while still at the scene, Streeval told the police that he was not injured. During his sworn deposition testimony, he stated that he did not begin to feel leg pain until two to five days after the accident. He also stated that this leg pain was substantially similar to leg pain he experienced in 2000 or 2001 after an accident at work. Allstate describes these statements as "contradictory," justifying a further investigation into the cause of Streeval's injury.

Earlier this year, this Court issued its opinion in *Gov't Employees Ins. Co. v. Sanders* holding that insurers cannot deny basic reparations benefits based only on a paper review of the medical record. 569 S.W.3d 923, 928 (Ky. 2018),

9

*reh'g denied* (Apr. 18, 2019). In *Sanders*, the issue was the necessity of the medical treatment received, whereas the issue in this case is causation of the injury. This, however, is a distinction without a difference. Just as a record review was not sufficient for an insurer to deny benefits based on a belief that the treatment received was not necessary, arguably a mere record review would not be sufficient to deny benefits based on a belief that the automobile accident did not cause the injury. Therefore, this leads to the conclusion that when causation is in controversy, an independent medical examination may be appropriate. In this case, Allstate cited to enough evidence to place causation at issue and supplied good cause for the trial court to order an independent medical examination.

Finally, Streeval also claims that the order for an independent medical examination issued by Judge Edwards was insufficient under CR 35.01. CR 35.01 provides that an order under the rule "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." While Judge Edwards's order did not lay out all of this information, it did include the name of the physician who would be performing the examination, the physician's address where the examination would be completed, as well as the date by which the examination should be completed. His order also referenced the motion to compel filed by Allstate discussing the specific injury as well as the specific issue of causation. Further, Streeval did not file a response to the motion to compel nor did he appear at the hearing scheduled on that motion. He made no objection to the motion for

10

an independent medical examination until after the order was already entered by filing a motion to vacate. It is the opinion of this Court that the order entered by Judge Edwards to an *unopposed motion* was sufficient to meet the requirements of CR 35.01.

## III. CONCLUSION

For the above reasons, we affirm the Court of Appeals' denial of Streeval's petition for a writ of prohibition.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Michael Andrew Landisman

COUNSEL FOR APPELLEE, HON. BRIAN EDWARDS JUDGE, JEFFERSON CIRCUIT COURT:

Honorable Brian Clifford Edwards, Judge
Jefferson County Judicial Center

COUNSEL FOR APPELLEE, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY:

Eric Shawn Rice
Daniel S. Gumm
Quintairos, Prieto, Wood & Boyer, P.A.

11