RENDERED: APRIL 16, 2021; 10:00 A.M.
TO BE PUBLISHED

**OPINION OF MARCH 19, 2021, WITHDRAWN**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1181-MR

WILLIAM LANE; RONNIE GOLDY;                                    APPELLANTS
AND DEANNA ROBERTS


                    APPEAL FROM BATH CIRCUIT COURT
v.         HONORABLE PHILLIP R. PATTON, SPECIAL JUDGE
                       ACTION NO. 18-CR-00059


LAURA LEWIS MAZE; AND                                            APPELLEES
COMMONWEALTH OF KENTUCKY


                              OPINION
                              VACATING

                          ** ** ** ** **

BEFORE: GOODWINE, KRAMER, AND MAZE, JUDGES.

GOODWINE, JUDGE: On November 1, 2019, Laura Lewis Maze ("Judge

Maze")[1] was indicted on two counts of second-degree forgery[2] and one count of

---

[1] Judge Maze retired from her position as circuit judge of the Commonwealth's 21st Judicial Circuit, Division No. 2, which comprises Bath, Menifee, Montgomery, and Rowan Counties, effective October 27, 2019.

[2] Kentucky Revised Statutes (KRS) 516.030 (Class D felony).

tampering with public records.[3] These charges stem from Judge Maze's signing of two orders on September 18, 2017, for her ex-husband to obtain drug tests from two hospitals in relation to his criminal case.

During the underlying criminal proceedings, Judge Maze served subpoenas *duces tecum* on Appellants, all of whom were non-parties to the action and two of whom were elected officials from the 21st Judicial Circuit, including Circuit Judge William E. Lane[4] and Commonwealth's Attorney Ronnie Goldy. Deanna Roberts is Judge Lane's secretary and District Judge William Roberts' wife.

The subpoenas demanded production of all Appellants' text messages from various dates. Appellants moved to quash the subpoenas, arguing Judge Maze had not and could not meet the requirements governing subpoenas *duces tecum* in criminal matters. Appellants further argued the subpoenas were overly broad and not limited to messages relevant to the underlying criminal charges.

On August 6, 2019, after hearing numerous motions on the matter, the Bath Circuit Court ordered the cell phone service providers to produce the subpoenaed text message records for *in camera* review. The circuit court's

---

[3] KRS 519.060 (Class D felony).

[4] Judge Lane serves the 21st Judicial Circuit, Division No. 1.

reasoning was that Appellants were potential witnesses. This appeal followed.[5] After careful review, we vacate the order.

On October 1, 2019, during the pendency of this appeal, Judge Maze appealed the denial of her motion to dismiss the underlying indictment. This Court dismissed the appeal as interlocutory.[6] The Supreme Court of Kentucky denied Judge Maze's motion for enlargement of time to file a motion for discretionary review and dismissed her appeal.[7]

Prior to Judge Maze's indictment on the underlying criminal charges, on May 21, 2018, the Commonwealth's Judicial Conduct Commission ("JCC") filed a notice of formal proceedings and charges against Judge Maze for the same conduct. Judge Maze was initially suspended with pay on September 11, 2018 but retired from her position on October 27, 2019. Judge Maze argued the JCC lost jurisdiction because of her retirement, but the JCC proceeded with the hearing. During the pendency of the JCC proceedings, Judge Maze served subpoenas *duces*

---

[5] The notice of appeal was timely filed on August 6, 2019. On December 20, 2019, this appeal was stayed pending the resolution of Judge Maze's appeal of the denial of her motion to dismiss the indictment (Nos. 2019-CA-1482-MR and 2020-SC-0199-D). On March 3, 2020, this appeal was assigned to another panel of this Court for a decision on the merits. However, the presiding judge of that panel recently recused, and the appeal was reassigned to this panel on February 25, 2021.

[6] *Maze v. Commonwealth*, No. 2019-CA-1482-MR (Ky. App. Feb. 4, 2020).

[7] *Maze v. Commonwealth*, No. 2020-SC-0199-D (Ky. Jul. 2, 2020).

*tecum* on Appellants and other nonparties to the JCC proceedings seeking text messages about her. Appellants and other nonparties filed motions to quash the subpoenas, and the JCC granted their motions without any analysis. Ultimately, on November 7, 2019, the JCC found Judge Maze guilty of violating the Code of Judicial Conduct and engaging in misconduct and issued a public reprimand.[8] Judge Maze appealed various issues to the Supreme Court of Kentucky, but she did not appeal the JCC's order quashing the subpoenas for the text messages. *Maze v. Judicial Conduct Commission*, 612 S.W.3d 793 (Ky. 2020). The Court affirmed the JCC's findings of fact, conclusions of law, and final order. *Id.* at 811.

Herein, Appellants argue the circuit court abused its discretion in denying their motions to quash Judge Maze's subpoenas *duces tecum* of their text message records and ordering Appellants' cell phone service providers to produce their text message records for *in camera* review. "A trial court order denying a nonparty's motion to quash a discovery request is a final and immediately appealable judgment." *Allstate Property & Casualty Insurance Company v. Kleinfeld*, 568 S.W.3d 327, 333 (Ky. 2019). "Like most of the myriad other matters a trial court is called upon to decide during the course of proceedings, . . .

---

[8] "[T]he most that this Commission can do in regard to discipline is the issuance of a public reprimand." *See Commonwealth of Kentucky, Judicial Conduct Commission, In Re: The Matter of [Laura] Lewis Maze, Circuit Court Judge 21st Judicial Circuit, Findings of Fact, Conclusions of Law and Final Order*, p.16 (Nov. 7, 2019).

motions to quash subpoenas are subject to the trial court's sound discretion and will be reversed on appeal only for abuse of that discretion." *Commonwealth v. House*, 295 S.W.3d 825, 828 (Ky. 2009) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

RCr[9] 7.02(3) governs subpoenas *duces tecum* in criminal cases:

> A subpoena may also command the person to whom it is directed to produce the books, papers, documents, data and data compilations or other objects designated therein. *The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive.* The court may direct that books, papers, documents, data and data compilations or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents, data and data compilations or objects or portions thereof to be inspected by the parties and their attorneys.

(Emphasis added.) This "rule was taken verbatim from Federal Rule of Criminal Procedure 17(c)," and the Supreme Court of Kentucky adopted the federal "four-part test for determining when a movant is entitled to the production of subpoenaed materials prior to trial[.]" *House*, 295 S.W.3d at 828. The proponent must satisfy all four prongs of the following test:

---

[9] Kentucky Rules of Criminal Procedure.

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). Our Supreme Court opined, "the relevancy and no-fishing-expedition prongs are not satisfied by subpoenas grounded in nothing more than conjecture or mere hope that the subpoenaed material will include admissible evidence." *Id.* If a subpoena fails this test, then it is "unreasonable." *Id.* at 829.

In *House*, the Supreme Court of Kentucky held a subpoena for Intoxilyzer code failed to satisfy the four-prong test because "the party demanding production [could] point to nothing more than hope or conjecture that the subpoenaed material [would] provide admissible evidence." *Id*. The defendant's mere hope that his "expert might discover flaws in" the code with "no evidence whatsoever suggesting that the code was flawed" amounted to a "classic fishing expedition[.]" *Id.*

Appellants argue the subpoenas fail the relevancy and fishing expedition prongs of the test. First, they argue Judge Maze failed to explain how the text messages are evidentiary and relevant. Judge Maze never explained the

significance of the dates listed in the subpoenas. Appellants assert the fact that they may be called as witnesses and their text messages might contain extrinsic evidence of bias to impeach them does not satisfy RCr 7.02(3). Second, Appellants argue the subpoenas amount to a fishing expedition because Judge Maze hopes they reveal a conspiracy among Appellants to remove her from office. Appellants argue that even if such evidence existed, it would have no bearing on whether Judge Maze was guilty of forgery or tampering with public records.

Judge Maze's argument does, in fact, focus on Appellants' alleged conspiracy to remove her from office. She argues the text messages are necessary to show motivation and bias of the Appellants who may be called as witnesses at trial. Judge Maze argues she will suffer irreparable injury if she is not granted an *in camera* inspection of the text messages. She does not describe how she will be injured and fails to argue the subpoenas meet the four-prong test in *House*.

Rowan Circuit Court Clerk Kim Barker Tabor testified in her deposition[10] that she overheard Appellants having conversations about trying to get Judge Maze removed from office. Although Tabor's testimony provides some support for Judge Maze's allegation of Appellants' collusion, Judge Maze presented no evidence to show Appellants ever sent text messages to each other in furtherance of such a conspiracy. Judge Maze cannot point to anything more than

---

[10] Tabor's deposition was taken during the pendency of the JCC proceedings.

mere hope or conjecture that Appellants' text messages will reveal support for her theory that Appellants colluded to remove her from office. Thus, the subpoenas amount to a general fishing expedition. Furthermore, it is unclear how the text messages are relevant, since Judge Maze voluntarily retired from her position. Based on our analysis, the subpoenas fail the four-part subpoena test and are "unreasonable" under RCr 7.02(3). As such, we hold the circuit court abused its discretion in failing to quash Judge Maze's subpoenas of Appellants' text message records.

For the foregoing reasons, we vacate the August 6, 2019 order of the Bath Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Daniel Cameron
Attorney General of Kentucky

Laura C. Tipton
Sarah Ellen Eads Adkins
Assistant Attorneys General
Frankfort, Kentucky

REPLY BRIEF FOR APPELLANTS:

Daniel Cameron
Attorney General of Kentucky

Carmine G. Iaccarino
Marc Manley
Assistant Attorneys General
Frankfort, Kentucky

S. Chad Meredith
Solicitor General of Kentucky

Matthew F. Kuhn
Deputy Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEE LAURA
LEWIS MAZE:

Thomas E. Clay
Louisville, Kentucky