RENDERED: SEPTEMBER 30, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0704-DG

JOSE ELADIO ORTIZ                            APPELLANT

V.

ON APPEAL FROM THE COURT OF APPEALS
NO. 2018-CA-0304
CHRISTIAN CIRCUIT COURT NO. 17-CI-00218

COMMONWEALTH OF KENTUCKY                APPELLEE

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>REVERSING AND REMANDING</u>**

This case is an appeal of Court of Appeals' decision reversing the Logan Circuit Court's denial of a writ of prohibition. The writ seeks to prohibit enforcement of a suppression order of the Logan District Court. The underlying issue of the writ is whether the district court properly suppressed a blood alcohol concentration (BAC) result collected from Jose Eladio Ortiz (Ortiz), the Appellant, who is a Spanish-speaking person suspected of drunk driving. Ortiz was read Kentucky's implied consent law by his arresting officer in English, not Spanish, before submitting to a blood draw. The Court of Appeals reversed the circuit court's denial, granting the Commonwealth's writ of prohibition.

For the following reasons, we reverse and remand to the circuit court.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 10, 2016, Russellville Police Officer Chad Eggleston responded to a report that a vehicle was operating on the wrong side of the road. Officer Eggleston pulled the vehicle over and approached. He was wearing a body cam. As he neared the vehicle, Officer Eggleston noticed a strong order of alcohol on both the driver, Ortiz, and the car. Officer Eggleston questioned Ortiz and asked if he spoke and understood English. Ortiz responded affirmatively. Officer Eggleston asked Ortiz to complete three field sobriety tests. Ortiz failed all three. Additionally, Officer Eggleston performed a preliminary breath test, which showed the presence of alcohol.

Officer Eggleston believed Ortiz to be highly intoxicated. He arrested Ortiz and transported him to Logan Memorial Hospital. At the hospital, Officer Eggleston read Ortiz Kentucky's implied consent warning aloud in English. Ortiz agreed to have his blood drawn by medical personnel. The blood test came back with a BAC of .233. Ortiz was charged with operating a motor vehicle under the influence of alcohol—first offense—and having no operator's license.

Six months after the traffic stop, on March 9, 2017, Ortiz moved to suppress the BAC result, arguing Ortiz could not understand English and that he did not understand he could refuse the blood test. Ortiz also moved to exclude evidence of the failed field sobriety tests.

The district court watched the body camera footage from the traffic stop and the hospital visit. The district court found, based on a totality of the

circumstances, that the arresting officer used the tools provided to him during the stop but violated the implied consent statute by not "informing" Ortiz in a way that "might" have avoided the search or resulted in a less abusive search. As a result, the district court suppressed the BAC result. However, the district court found that Officer Eggleston had probable cause to make both the stop and the arrest. The district court ruled the prosecution could move forward with its case.

The Commonwealth, alleging irreparable injury, petitioned the circuit court for a writ of prohibition to prevent enforcement of the suppression order. After hearing argument, the circuit court denied the writ of prohibition, agreeing that KRS[1] 189A.105 requires that a person suspected of drunk driving be "informed" of the consequences of submitting to the testing as well as refusing testing. The Commonwealth appealed to the Court of Appeals as a matter of right.

The Court of Appeals disagreed with the circuit court and reversed, granting the Commonwealth's writ of prohibition. The Court of Appeals determined that Ortiz gave no indication to Officer Eggleston that he did not understand English well enough to comprehend what was being asked. As a result, they held that no statutory violation had occurred because the statute does not require a suspect to understand the implied consent warning, but only that it must be read to the suspect.

Ortiz moved for discretionary review, which we granted.

---

[1] Kentucky Revised Statutes.

## II. ANALYSIS

The issuance of a writ of prohibition is an extraordinary remedy. *Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2016). As explained in *Southern Financial Life Ins. Co. v. Combs*:

> [C]ourts are decidedly loath to grant writs as a specter of injustice always hovers over writ proceeding. This specter is ever present because writ cases necessitate an abbreviated record which magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants.

413 S.W.3d 921, 925 (Ky. 2013) (internal citations and quotations omitted).

Thus, this Court has a two-class analysis in writ cases.

> Writ cases are divided into two classes, which are distinguished by whether the lower court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction), or (2) acting erroneously within its jurisdiction . . . When a writ is being sought under the second class of cases, a writ may be granted upon a showing . . . that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. There is, however, a narrow exception to the irreparable harm requirement. Under this exception, certain special cases will allow a writ to be issued in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration.

*Id.* at 926.

In this case, we must consider whether the requirements of the second class of writs have been met. The Commonwealth must show that (1) the lower court is acting or is about to act erroneously; (2) it had no adequate remedy by appeal, and (3) it would suffer great and irreparable injury if denied relief.

4

"[U]ltimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was arbitrary, unfair, or unsupported by sound legal principles." *Appalachian Racing, LLC v. Commonwealth,* 505 S.W.3d 1, 3 (Ky. 2016) (internal citations and quotations omitted).

As noted above, the Court of Appeals focused its analysis on the first requirement for a second-class writ: whether the lower court was acting or about to act erroneously. In this analysis, the Court of Appeals attempted to reach and resolve the substantive issue on the meaning of informed consent in KRS 189A.105. We need not weigh in on the substantive informed consent issue at this time because we hold that the Commonwealth has not met one of the threshold requirements for a second-class writ.

The Commonwealth fails to prove great injustice or irreparable harm. While a blood test is compelling evidence, it is not strictly necessary to try a DUI case. The district court makes clear in the May 10, 2017 Order, which granted Ortiz's motion to suppress, there was (1) probable cause for Officer Eggleston to initiate the stop due to the careless or reckless manner of Ortiz's driving; (2) reasonable and articulate suspicion for Officer Eggleston to begin a DUI investigation; and (3) probable cause for Officer Eggleston to effectuate a DUI arrest of Ortiz. These determinations were based on a totality of the circumstances analysis, specifically the initial call reporting a vehicle fitting the

description of Ortiz's vehicle, Officer Eggleston's firsthand observation of Ortiz driving off the shoulder, the smell of alcohol Officer Eggleston detected on Ortiz and in the car, and Ortiz's failure to pass the field sobriety tests. This evidence has not been suppressed. The Commonwealth can use all of it in trial when prosecuting Ortiz. Ortiz's blood test, while useful, is not the gravamen of the Commonwealth's case. Thus, there has been no great injustice or irreparable harm done.

We reiterate that a writ is an extraordinary remedy and should only be granted when a writ of prohibition meets the requirements. In this case, we hold that the Commonwealth failed to show a great injustice and irreparable harm if its requested writ of prohibition was not granted. Accordingly, we hold that the writ should not be granted. Accordingly, it is not appropriate for us to address the issue of informed consent at this time.

### III. CONCLUSION

For the forgoing reasons, we reverse the Court of Appeals opinion and remand to the Logan Circuit Court for reinstatement of the order denying the Commonwealth's petition for writ of prohibition.

Minton, C.J., Hughes, Keller, Lambert, VanMeter, and Conley, JJ, sitting. All concur. Nickell, J., not sitting.

6

COUNSEL FOR APPELLANT:

Ami L. Brooks
Ami Brooks Law, PLLC
157 West 5th Street
Russellville, KY 42276

COUNSEL FOR APPELLEE:

Mark D. Barry
Assistance Attorney General
Office of the Solicitor General
Criminal Appeals Unit
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601

# Supreme Court of Kentucky

## 2019-SC-0704-DG

JOSE ELADIO ORTIZ                                                        APPELLANT

ON APPEAL FROM THE COURT OF APPEALS
V.                              NO. 2018-CA-0304
LOGAN CIRCUIT COURT NO. 17-CI-00218

COMMONWEALTH OF KENTUCKY                                        APPELLEE

## **ORDER CORRECTING**

The Opinion issued on September 30, 2021 inadvertently listed an incorrect trial court and case number and is hereby corrected.

ENTERED: September 30, 2021.

_____
CHIEF JUSTICE